UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEROVENE, INC., and DR. REDDY'S LABORATORIES, INC., | |
| Plaintiffs, | No. 24-CV-464 (RA) |
| v. | ORDER |
| FUKUZYU PHARMACEUTICAL CO., LTD., | |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

On August 23, 2024, Defendant filed a memorandum of law and a declaration by Teruo Kosugi containing the parties' Master Services Agreement as an exhibit, in support of its motion to dismiss. *See* ECF Nos. 41, 44. It filed these documents in redacted form on the public docket and also filed unredacted versions under seal. Before the Court is Defendant's motion to maintain the unredacted memorandum of law, declaration, and exhibit under seal. *See* ECF No. 40. Plaintiffs do not oppose the motion. *See id.* at 1.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Id.* at 119–20. First, a court must determine whether the documents at issue are judicial documents. *Id.* at 119. Second, the court must assess the weight of the presumption of public access that attaches to those documents. *Id.* Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests

of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. Of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

As detailed further below, the Court concludes that the first and second prongs of the *Lugosch* test counsel against sealing, but it will allow Defendant the opportunity to submit additional information before it rules on the third prong of the test.

First, a motion to dismiss is undoubtedly a judicial document. *See Bernstein*, 814 F.3d at 142 ("A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" (quoting *Lugosch*, 435 F.3d at 119)). Similarly, documents filed in support of dispositive motions, such as Defendant's declaration and exhibit, are judicial documents. *See Sabre Glob. Techs. Ltd. v. Haw. Airlines*, No. 22-cv-7395, 2023 WL 5348883, at *3 (S.D.N.Y. Aug. 21, 2023).

Second "a strong presumption" of public interest "attaches" to these materials because they were "filed in connection with dispositive motions, such as a motion to dismiss." *Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). Furthermore, "the portions of the submissions that the parties seek to seal are critical to the Court's adjudication of" Defendant's motion to dismiss for lack of personal jurisdiction. *Turner Network Sales, Inc. v. DISH Network L.L.C.*, No. 17-cv-7599, 2019 WL 147372, at *1 (S.D.N.Y. Jan. 9, 2019). Defendant argues, among other things, that New York's long-arm statute does not provide personal jurisdiction and that Defendant does not have sufficient minimum contacts in New York such that personal jurisdiction there would comport with due process. *See* ECF No. 41 at 6–9, 14–16. In support of these arguments, Defendant explains that its products were shipped to a state outside of New York and that its contract was governed by a choice-of-law provision designating a non-New York forum. *See id.* Defendant seeks to redact the state to which it shipped its products and the subject of the parties' choice-of-law and forum-selection clauses.

Although the Court is inclined to deny the motion, it will give Defendant the opportunity to present additional information regarding the third part of the *Lugosch* test. Defendant argues that "good cause exists for filing the unredacted versions of these documents under seal" because they contain "confidential business information." ECF No. 40 at 1. Defendant also argues that it "is attempting to comply with [the confidentiality clause of the Master Services Agreement] by seeking to file documents referencing the agreement's terms in redacted form." *Id.* This argument is "lacking in particularity" and does "not provide adequate support for the Court to conclude" at this time that Defendant's interest in maintaining confidentiality outweighs that of public access. *Brandon v. NPG Recs., Inc.*, No. 19-cv-01923, 2020 WL 2086008, at *11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020). "Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, . . . conclusory statements that documents contain confidential business information are insufficient to justify sealing." *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18-cv-2268, 2023 WL 1961280, at *1 (S.D.N.Y. Feb. 13, 2023) (internal citations and quotation marks omitted). "Courts in this District," moreover, "have consistently held that [p]arties' interest in a confidentiality agreement enacted between them is not sufficient on its own to overcome the interest of public disclosure and transparency." *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-05219, 2024 WL 1329381, at *5 (S.D.N.Y. Mar. 28, 2024).

Defendant is thus instructed to file a supplemental letter no later than October 8, 2024 advising the Court—in more detail and consistent with case law—as to why its privacy interests outweigh the public right of access.

SO ORDERED.

Dated:   October 2, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge