UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CEROVENE, INC. and DR. REDDY'S
LABORATORIES, INC.,

                    Plaintiffs,

          v.

FUKUZYU PHARMACEUTICAL CO.,
LTD.,

                    Defendant.

---

No. 24-CV-464 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On January 22, 2024, Plaintiffs Cerovene, Inc. and Dr. Reddy's Laboratories, Inc. initiated

this antitrust action against Defendant Fukuzyu Pharmaceutical, Co. ("Fukuzyu"), alleging that

Defendant violated Sections 1 and 2 of the Sherman Act by entering an illegal agreement in

restraint of trade and a conspiracy to monopolize the U.S. market for the pharmaceutical drug

Daraprim. Before this Court is Defendant's motion to dismiss the Complaint for lack of personal

jurisdiction and failure to state a claim. Defendant also moves for this Court to take judicial notice

of a prior motion for, and an order approving, a settlement agreement between Plaintiffs and non-

parties Vyera Pharmaceuticals, LLC ("Vyera") and its parent company. Plaintiffs oppose both

motions. For the reasons that follow, the Court orders jurisdictional discovery and denies

Defendant's motions without prejudice to renew.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and recites here only

the facts pertinent to the Court's instant opinion and order.[1] Defendant is a Japanese company that

manufactures pyrimethamine, the key active pharmaceutical ingredient ("API") in Daraprim—a

medication used in the treatment of acute parasitic infections for individuals with HIV infections.

Am. Compl. ¶¶ 1–2, 4, 15, 36–37, ECF No. 30 ("AC"). Plaintiffs allege that Defendant conspired

with the pharmaceutical company Vyera to preserve its monopoly position over Daraprim in the

U.S. market by refusing to supply pyrimethamine to Vyera's potential market competitors, thereby

preventing generic versions of Daraprim from entering the market. *Id.* ¶¶ 3–5. As a result of the

anticompetitive conspiracy, Plaintiffs were delayed in entering the market. *Id.* ¶ 6.

In 2013, two years before Vyera's acquisition of Daraprim, Cerovene had begun developing

a generic version of Daraprim and had partnered with Dr. Reddy's Laboratories to market and sell

the generic once approved. *Id.* ¶¶ 12–14. During the drug development phase for the generic in

2015, Cerovene attempted to purchase pyrimethamine from Defendant, the only supplier of

Daraprim API approved by the U.S. Federal Drug Administration ("FDA") at that time. *Id.* ¶¶ 4,

45, 55, 56. Negotiations took place through Sumitomo Corporation of Americas ("Sumitomo"), a

New York-based company, and its Japanese subsidiary Summit Pharmaceutical International. *Id.*

¶¶ 21, 55, 57. According to Plaintiffs, negotiations with Defendant proceeded "smoothly" until

Cerovene sought to place an order in late 2016. *Id.* ¶ 55.

On October 4, 2016, Sumitomo emailed Cerovene a letter from Defendant, which advised

that Defendant would no longer sell pyrimethamine to Plaintiff. *Id.* ¶ 66 (citing Ex. I). Plaintiffs

allege that Defendant sent this letter because Vyera, with whom Defendant had reached an

exclusive supply agreement, *id.* ¶¶ 70–73, instructed Defendant to discontinue negotiations with

---

[1] Unless otherwise noted, the Court draws the following facts from the Amended Complaint, "credit[ing] .
. . plaintiff's averments of jurisdictional facts as true." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d
204, 206 (2d Cir. 2003).

Cerovene, *id.* ¶¶ 67–68. Plaintiffs contend that Defendant ended negotiations with knowledge of and intent to maintain Vyera's U.S. monopoly as to Daraprim. *Id.* ¶¶ 72–73.

As a threshold matter, Defendant disputes that this Court has personal jurisdiction to hear this action. Accordingly, a key issue before the Court is the nature and extent of the contacts that Defendant has had with New York. It is undisputed that Defendant is a Japanese company, incorporated under the laws of Japan with its principal place of business in Japan. *Id.* ¶ 15. In support of its motion to dismiss, however, Defendant submitted the Declaration of Teruo Kosugi, President and CEO of Fukuzyu, which disputes many of Plaintiffs' factual allegations. Kosugi's Declaration discusses the nature of Defendant's negotiations with Cerovene, disclaims Sumitomo as a representative, speaks to Defendant's contacts in the United States, and contends that Defendant's negotiations with Vyera took place entirely in Japan. *See generally* Kosugi Decl., ECF No. 60.

Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and moved for the Court to take judicial notice of a prior motion for, and order granting, a settlement agreement between Plaintiffs, Vyera, and Vyera's parent company. Plaintiffs oppose both motions.

## DISCUSSION

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).[2] "Determining personal jurisdiction over a foreign defendant in a federal-question case

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

such as this requires a two-step inquiry." *Id.* at 168. The Court examines first whether there is "a statutory basis for personal jurisdiction." *PharmacyChecker.com, LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 530 F. Supp. 3d 301, 321 (S.D.N.Y. 2021). "If jurisdiction lies, [the Court] consider[s] whether the district court's exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Licci*, 732 F.3d at 168.

Plaintiffs assert that Section 12 of the Clayton Act as well as three provisions of New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1)–(3), provide independent bases for personal jurisdiction over Defendant. The parties' briefing, and the affidavits submitted in support, however, indicate that determination of the Court's personal jurisdiction depends on certain facts in dispute. The parties disagree, for instance, as to whether Sumitomo was Defendant's agent or representative, whether Defendant has solicited business in the United States or New York, the translation of a letter Sumitomo sent to Plaintiffs, and whether Defendant employs a U.S.-based agent to file materials with the FDA. *See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss 8, 13–14; *see also* Kosugi Decl. ¶¶ 6–10, 13–17. The Court thus concludes that jurisdictional discovery is appropriate. *See In re Bernard L. Madoff Inv. Sec. LLC*, 525 B.R. 871, 881 (S.D.N.Y. 2015) (ordering jurisdictional discovery before deciding 12(b)(2) motion to dismiss); *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (ordering jurisdictional discovery); *Luke v. Sunwing Travel Grp.*, No. 20-CV-6141 (PKC) (CLP), 2022 WL 595133, at *5 (E.D.N.Y. Feb. 28, 2022) (same).

Defendant argues that Plaintiffs have not made out a prima facie case of personal jurisdiction. Second Circuit precedent is clear, however, that the Court may grant jurisdictional discovery even when a prima facie case has not been established, *see In re Magnetic Audiotape*

4

*Antitrust Litig.*, 334 F.3d at 208, so long as "the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction, [such as] facts that would support a colorable claim of jurisdiction," *Ayyash v. Bank Al–Madina*, No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5 (S.D.N.Y. March 9, 2006) (quoting *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989)). *See also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (providing it would be "legal error" to read Second Circuit precedent as "forbidding jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction"); *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) ("Jurisdictional discovery is warranted where, even if plaintiff has not made a *prima facie* showing, they have made a sufficient start toward establishing personal jurisdiction." (quoting *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547–48 (S.D.N.Y. 1994)).

Here, Plaintiffs allege "facts that would support a colorable claim of jurisdiction." *Ayyash*, 2006 WL 587342, at *5 (quoting *Daval Steel Prods.*, 718 F. Supp. at 162). They assert, for instance, that Defendant entered into an exclusive contract and conspiracy with Vyera, a company with its "headquarters and principal office" in the Southern District of New York, AC ¶¶ 3, 12, 16 70–73; Defendant's "agent/representative" Sumitomo was based in the district, *id.* ¶ 21; Sumitomo negotiated on Defendant's behalf with Cerovene, a company in the district, *id.* ¶¶ 21, 56, 57; Defendant filed materials with the FDA through a U.S.-based agent, *id.* ¶ 17; and Defendant shipped samples to Cerovene in the district, *id.* ¶¶ 21, 62, 63. In light of these allegations, the Court finds that jurisdictional discovery is warranted. *See Daventree Ltd.*, 349 F. Supp. 2d at 761 ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction.").

"[W]hether to allow such jurisdictional discovery and, if so to what extent, are matters

committed to a trial judge's broad discretion." *In re Terrorist Attacks on Sept. 11, 2001*, 689 F. Supp. 2d 552, 566 (S.D.N.Y. 2010) (citing *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009)). Indeed, the Second Circuit has "long made clear that in deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Dorchester v. Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." (quoting *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)).

Although it is true, as Defendant points out, that this discovery necessarily places some burden on it, Tr. 5:11–21, ECF No. 72, limited jurisdictional discovery is nonetheless appropriate given that facts pertinent to the determination of whether personal jurisdiction exists "are peculiarly within the knowledge of" Defendant, *Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) (quoting *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)). Accordingly, the Court finds that Plaintiffs "have made a sufficient [jurisdictional] showing to be entitled to limited jurisdictional discovery." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 190 (E.D.N.Y. 2014); *see also id.* at 195 (jurisdictional discovery is warranted "when the allegations are sufficient to articulate a colorable basis for personal jurisdiction, which could be established with further development of the factual record").

"Where a Court is asked to rule on a combination of Rule 12 defenses, it will pass on the

jurisdictional issues before considering whether a claim is stated in the complaint." *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 310 (S.D.N.Y. 2008). In light of the Court's decision to order jurisdictional discovery, the Court denies Defendant's pending motions without prejudice and with leave to renew after jurisdictional discovery is completed. *See Vasquez v. Hong Kong & Shanghai Banking Corp.*, No. 18 Civ. 1876 (PAE), 2019 WL 2327810, at *19 (S.D.N.Y. May 30, 2019) (denying a defendant's motions to dismiss without prejudice, with leave to renew after jurisdictional discovery); *Albino v. Glob. Equip. USA, Ltd.*, No. 6:14-CV-6519 (MAT), 2017 WL 372056, at *5–*6 (W.D.N.Y. Jan. 26, 2017) (same); *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 314–15 (E.D.N.Y. 2014) (same).

## CONCLUSION

For the foregoing reasons, the Court orders jurisdictional discovery, and denies Defendant's motions to dismiss and for judicial notice without prejudice, and with leave to renew. Within seven (7) days of the close of jurisdictional discovery, the parties shall file a joint letter stating whether Plaintiffs intend to file an amended complaint and/or Defendant intends to refile its motions; proposing next steps, including a potential briefing scheduling; and stating their positions as to whether an evidentiary hearing on jurisdiction is necessary. The Clerk of Court is respectfully directed to close the motions pending at ECF No. 26, 41, and 58.

SO ORDERED.

Dated:     March 10, 2025
           New York, New York

Ronnie Abrams
United States District Judge